UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DAMON FORTE,

    Petitioner,

        v.                                  CAUSE NO. 3:25-CV-280-JD-JEM

WARDEN,

    Respondent.

OPINION AND ORDER

Damon Forte, a prisoner without a lawyer, filed a motion to alter or amend judgment. "A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington N. R.R. Co.*, 983 F.2d 741 (7th Cir. 1993). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

On April 2, 2025, Forte initiated this case by filing a habeas petition challenging a disciplinary decision (ISP-24-11-3015) at the Indiana State Prison in which a disciplinary hearing officer (DHO) found him guilty of possessing a cellphone in violation of Indiana Department of Correction Offense 121.ECF 2. On August 5, 2025, the court denied the habeas petition finding that the claims lacked merit. ECF 15.

In the motion to alter or amend, Forte correctly argues that the court misread his denial of evidence claim. Specifically, Forte contended that correctional staff should have reviewed surveillance video recordings from 7:30 a.m. to 6:00 p.m., on November 19, 2024, but the court misread the requested timeframe as 6:00 a.m. to noon on the date on which correctional staff confiscated the cellphone, November 21, 2024. The court also did not appreciate that the date of the requested recording and the date of confiscation were different dates. Nevertheless, this error did not affect the ultimate resolution of this claim. As set forth in the prior order, correctional staff partially granted Forte's request by reviewing four hours of video surveillance footage from 7:00 a.m. to 11:00 a.m. on November 19, 2024. Generally speaking, a screening officer restricting a video recording request for a prison disciplinary hearing to four hours does not strike the court as an unreasonable limitation.

Here, it is also worth noting that Forte had the ability to identify the relevant time period with far greater specificity than a 10.5-hour timeframe. Based on the court's review of the video recording taken November 19, 2024, Forte was awake and present in his cell for a substantial portion of the requested time period. Additionally, Forte had spoken to Inmate Gibbs about the cellphone prior to screening, and he was willing to assist in Forte's defense, so it is unclear why Forte could not have simply asked Inmate Gibbs about the time of the delivery. Notably, Forte also does not specifically explain the exculpatory nature of any event that took place on November 19, 2025. Absent such an explanation, it is difficult to assess what prejudice he may have suffered from the inability to present additional video evidence. Moreover, even assuming that the video

2

recording had shown Inmate Gibbs delivering soda cartons to Forte's cell, it would not necessarily follow that Forte was not aware of the cellphone contained within them. The delivery might have been prearranged by Forte and Inmate Gibbs, or Forte might have discovered the cellphone between its time of delivery and its confiscation. Therefore, the court declines to reconsider the claim that correctional staff unreasonably restricted Forte's request for video recording evidence.

Forte also argues that he is entitled to habeas relief based on newly discovered evidence, which the court construes as a freestanding claim of actual innocence. As newly discovered evidence, he identifies an affidavit from Inmate Gibbs professing knowledge of the passcode for the cellphone that was the subject of the conduct report. ECF 18-1. Notably, it is unclear why Forte could not have presented this evidence to the court prior to the entry of the order denying the habeas petition given his apparent access to Inmate Gibbs both presently and at the time of the disciplinary hearing.

In any event, "an assertion of actual innocence based on evidence post-dating a conviction has not been held to present a viable claim of constitutional error." *Arnold v. Dittmann*, 901 F.3d 830, 837 (7th Cir. 2018). "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

Even assuming that a freestanding claim of actual innocence is a valid habeas claim in the context of a prison disciplinary proceeding, Forte could not satisfy the demanding evidentiary standard for an actual innocence claim. Inmate Gibbs'

awareness of the passcode suggests that Inmate Gibbs had had possession or access to the cellphone at some time, but it does not suggest that Forte never possessed the cellphone or that Forte did not know about its presence within his cell at the time of the cell search. Indeed, a reasonable factfinder could reconcile this new evidence with the conduct report by finding that Inmate Gibbs delivered the cellphone to Forte with Forte's knowledge and with the intent of also delivering the passcode to Forte. Therefore, the newly discovered evidence does not entitle Forte to habeas relief.

Forte also seeks to rehash arguments that the court addressed in the order denying the habeas petition. The court finds that that order adequately addressed those arguments and declines to revisit them.

For these reasons, the court DENIES the motion to alter or amend (ECF 18).

SO ORDERED on September 17, 2025

/s/JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT